## A02A1632. THE STATE v. MUSSELL.
(571 SE2d 518)

ELLINGTON, Judge.

The State appeals from the trial court's grant of defendant Elizabeth A. Mussell's motion to suppress the results of her breath test in this DUI case. For the following reasons, we reverse.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The undisputed evidence in this case showed that, at 1:37 a.m. on December 13, 2000, a Cobb County police officer was stopped at a red light at the intersection of Concord Road and Atlanta Road in Smyrna. The officer's vehicle was facing eastbound on Concord Road. There were no other cars traveling eastbound behind or beside the officer on Concord Road. Mussell was driving northbound on Atlanta Road and made a left turn onto Concord Road. The officer observed that Mussell appeared to have her high beam headlights on and that she failed to dim them as she approached his vehicle after making the left turn. The officer described Mussell's headlights as a "blinding light." The officer activated his blue lights, made a u-turn in the intersection, pulled behind Mussell's car, and stopped her in a nearby parking lot. After conducting field sobriety tests, the officer arrested Mussell for DUI.

Mussell filed a motion to suppress the results of her subsequent breath alcohol test, contending the officer lacked the reasonable, articulable suspicion of criminal activity necessary for a valid traffic stop. She claimed that she had no duty to dim her lights because the police officer was stopped at the stop light and there were no "oncoming vehicles" approaching her. Under OCGA § 40-8-31 (1), a driver has the duty to dim the lights of her vehicle when she "approaches an oncoming vehicle within 500 feet" so that "the glaring rays are not projected into the eyes of the oncoming driver." See OCGA § 40-8-30 (providing that vehicles have both high beam and dim headlights, as well as a dashboard high beam indicator); *Fender v. Drost*, 62 Ga. App. 345, 349 (7 SE2d 800) (1940) (the purpose of this statute, formerly Code 1933, § 68-302, is to prevent the "dangerously glaring or dazzling rays" of high beam headlights from impairing the eyesight of the drivers of oncoming vehicles).

Following a hearing on the motion to suppress, the trial court acknowledged that it is sometimes difficult to determine whether an oncoming vehicle's high beam headlights are being used. Therefore, the court indicated that the officer may have reasonably believed that Mussell's high beams were on and that she had violated OCGA § 40-8-31 by failing to dim her lights as she approached the officer's vehicle. Even so, the trial court found as a matter of law that the officer's vehicle was not an "oncoming vehicle" under OCGA § 40-8-31, because it was stopped at a traffic light on a side street when Mussell made her left turn toward the officer and quickly passed him. Based solely upon this construction of the statute, the trial court determined that Mussell did not have a duty to dim her lights and, therefore, granted Mussell's motion to suppress.

In its sole enumeration of error, the State contends the trial court erred when it found that a police vehicle stopped at a red light was not an "oncoming vehicle" under OCGA § 40-8-31. We agree. This Court has previously held that a police officer stopped at a traffic light can be an "oncoming vehicle" under OCGA § 40-8-31. *Conley v. State*, 181 Ga. App. 375, 376 (1) (352 SE2d 394) (1986). Although the vehicle using high beams in that case was driving straight toward the officer's stopped vehicle, we find that this is a distinction without a difference. The undisputed testimony in this case was that, after turning, Mussell approached the officer within 500 feet, although she quickly passed him. We find that the trial court erred in determining as a matter of law that the officer's vehicle was not an "oncoming vehicle" under OCGA § 40-8-31.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Barry E. Morgan, Solicitor-General, Anthony Volkodav, Jr., Assistant Solicitor-General*, for appellant.
*Larry W. Yarbrough*, for appellee.