**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4003

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENTERIUS DYSHAE HINTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Terry L. Wooten, Senior District Judge. (0:18-cr-00204-TLW-1)

Submitted: July 15, 2019                                    Decided: July 22, 2019

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel C. Leonardi, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Alyssa Leigh Richardson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenterius Dyshae Hinton pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hinton challenges the district court's ruling denying his motion to suppress. Finding no reversible error, we affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). "[W]e must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114-15 (internal quotation marks omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015) (internal quotation marks omitted). Because a traffic stop bears closer resemblance to an investigative detention than a custodial arrest, we evaluate the legality of a traffic stop under the two-pronged inquiry announced in *Terry*.[*] *Id.* Under this standard, we ask (1) whether the traffic stop was justified at its inception, and (2) "whether the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (internal quotation marks omitted). A traffic stop is

_____

[*] *Terry v. Ohio*, 392 U.S. 1 (1968).

reasonable under the Fourth Amendment when police "have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018).

Here, officers stopped Hinton's vehicle after he made a right turn and passed their vehicle, which was stopped at a stop sign, with his high beams on. At issue is whether the officers had probable cause to believe that this conduct violated S.C. Code Ann. § 56-5-4780(1) (2018), which provides:

> Whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver.

There is no South Carolina appellate court decision interpreting this statute. The parties vigorously dispute the meaning of "oncoming vehicle" as it applies in this case, citing competing dictionary definitions and decisions interpreting similar statutes from other states. Regardless of the correct answer to this issue, we agree with the Government that, assuming this statute did not proscribe Hinton's conduct, a reasonable officer could have concluded that it did. *See United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (recognizing we may "affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court" (internal quotation marks omitted)).

In *Heien v. North Carolina*, 135 S. Ct. 530, 534 (2014), the Supreme Court held that a reasonable "mistake of law can . . . give rise to the reasonable suspicion necessary to uphold [a] seizure under the Fourth Amendment." As in the normal *Terry* context, an

3

officer's subjective understanding of the law is not relevant; the mistake of law must be objectively reasonable. *Id.* at 539. An officer's mistake of law may be reasonable if the law is ambiguous, such that reasonable minds could differ on the interpretation, or if it has never been previously construed by the relevant courts. *Id.* at 540.

This is the situation presented here. State courts interpreting similar statutes have not agreed on whether an "oncoming vehicle" must be moving. *See, e.g.*, *State v. Witt*, 90 A.3d 664, 669 n.7 (N.J. Super. Ct. App. Div. 2014); *State v. Montano*, No. 13-12-00592-CR, 2013 WL 3518202, at *3 (Tx. Ct. App. July 11, 2013); *State v. Mussell*, 571 S.E.2d 518, 519 (Ga. Ct. App. 2002). The South Carolina appellate courts have not interpreted the relevant statutory phrase. Hinton counters that the statutes at issue in *Heien* were vaguer and that the statute here is unambiguous and thus not subject to multiple reasonable interpretations, but the differing state court decisions compel us to reach the opposite conclusion. *Cf. United States v. Diaz*, 854 F.3d 197, 204 (2d Cir. 2017) (concluding officer made reasonable mistake of law in arresting defendant because New York open container statute was ambiguous, appellate court had not considered the meaning of the statute, and trial courts had issued conflicting decisions). Thus, assuming that the officers made a mistake of law, we conclude that their mistake was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4